Opinion
 

 Pee Cubiam,
 

 This is an appeal from the order of the court below denying appellant-wife support from her estranged husband. On June 22, 1971, the lower court entered an order dismissing appellant’s petition on grounds that she had committed indignities which would entitle her husband to a divorce.
 
 Boggs v. Boggs,
 
 94 Montg. 327 (1971). Appellant appealed that order to this Court, and we determined that the case should be remanded for additional findings of fact “in connection with the impact of appellant’s emotional and mental state upon her conduct, both as it was understood by the husband at the inception of the marriage and as it appeared during the marriage.”
 
 Boggs v. Boggs,
 
 221 Pa. Superior Ct. 22, 30, 289 A. 2d 479 (1972) (Weight, P. J., dissenting). After the case was remanded to the lower court, appellant filed a written motion to amplify the record with an affidavit of a psychiatrist to the effect that the appellant’s mental illness affected her behavior, or in lieu of the affidavit, to submit testimony at a hearing. Appellee-husband offered no new testimony. The lower court denied appellant’s motion and filed a supplementary opinion refusing to grant appellant a support order. It is from this order that appellant has again appealed to our Court.
 

 
 *211
 
 Our reading of the lower court’s supplemental opinion convinces us that the lower court apparently misunderstood our order of March 24, 1972. The lower court indicates that on the basis of the testimony taken prior to the court’s order of June 22, 1971, it has determined that the appellant’s mental and emotional disturbances did not “significantly contribute” to her offensive behavior. The lower court states in its opinion that the testimony of appellant’s psychiatrist did “not furnish this court with adequate evidence to show enough mental or emotional illness as to sufficiently vitiate her deeds .... A person is presumed sane; mental illness is an affirmative defense which must be raised and proven by the party asserting it. [citation omitted] No prima facie case for
 
 insanity
 
 has ever been raised.” (Emphasis added.)
 

 Appellant does not have to establish a prima facie case of insanity to shift the burden of proof to her husband; she need only submit competent evidence that she suffered from a mental or emotional illness which significantly contributed to her behavior. There is no question that appellant made a prima facie case that her mental illness significantly contributed to her offensive behavior. As we stated in our earlier opinion in this case, “. . . appellant called a psychiatrist who testified that throughout her marriage she suffered from an ‘acute depressive reaction’ illness which ‘has certain characteristics having to do with sleep patterns’. This illness, according to the psychiatrist, could cause elements of impulsivity and immaturity in her behavior, and would manifest itself in appellant ‘taking steps to attract [her] husband’s attention’.”
 
 Boggs v. Boggs,
 
 supra at 27. Furthermore, it is apparent from appellant’s egregious and bizarre behavior,
 
 and
 
 her frequent-psychiatric treatment, that she suffered from an emotional illness. The lower court in its supplemental opinion states: “In fifteen years on the bench, we have yet
 
 *212
 
 to find a husband or wife who so devotedly and maliciously went about inflicting pain and anguish on his or her spouse.”
 

 The lower court improperly placed the burden upon appellant to prove that her illness significantly contributed to her conduct. As we stated in
 
 Boggs v. Boggs,
 
 supra at 31, “the burden is upon the husband to establish by ‘clear and convincing’ evidence that the wife’s conduct was independent of her mental illness and emotional instability.” See
 
 Glass v. Glass,
 
 164 Pa. Superior Ct. 118, 126, 63 A. 2d 696 (1949).
 

 For the above reason, the order of the lower court is reversed, and the case is remanded to provide an opportunity for the appellee-husband to prove that his wife’s conduct was independent of her illness.
 

 Weight, P. J., dissents.