419 A.2d 627

**Richard L. LIVENGOOD**

**v.**

**Annabelle Jean LIVENGOOD, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed April 11, 1980.

John W. Pollins, III, Greensburg, for appellant.

John J. Driscoll, Greensburg, for appellee.

Before VAN der VOORT, SPAETH and LIPEZ, JJ.

PER CURIAM:

This is an appeal from a decree granting plaintiff husband a divorce a. v. m. on the ground of indignities. At the hearing before a master, the husband presented extensive evidence indicating that his wife for several years had directed against him a vindictive campaign of personal vilification, physical threats, petty annoyances, and general mockery and degradation. The wife presented testimony of the psychiatrist who had cared for her since 1974. He testified that the wife suffered from a manic–depressive psychosis, and believed that the wife's emotional illness tended to account for much of the sort of conduct the husband was relying on to establish indignities.

The master found the evidence of indignities overwhelming, and discussed the record support for his conclusion at great length in his report. However, the master did not discuss whether the plaintiff met his burden of establishing by clear and convincing evidence that his wife's conduct did not result from her mental illness. *See Boggs v. Boggs*, 222 Pa.Super. 209, 294 A.2d 925 (1972). The master's terse discussion of the psychiatrist's testimony states that it tends to corroborate the husband's position that the wife's conduct in fact occurred. The discussion concludes with the cryptic and confusing comment, "The doctor's testimony explains but does not excuse the Defendant's conduct." On the

master's recommendation, the lower court en banc granted the divorce. The court's opinion, filed pursuant to Rule of Appellate Procedure 1925(a), merely adopted the findings of fact and conclusions of law of the master's report.

Having conducted the required de novo review of the record, we find it inadequate to resolve the question of whether or not the wife's conduct in this case resulted from mental illness. The case will therefore be remanded for such further proceedings as may be necessary to resolve this question. *See Barr v. Barr*, 232 Pa.Super. 9, 331 A.2d 774 (1974); *see also Boggs v. Boggs*, 221 Pa.Super. 22, 289 A.2d 479 (1972).

Reversed and remanded for further proceedings consistent with this opinion.